UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRAVIS L. FLETCHER,

    Petitioner,

v.                                             Case No.:  2:17-cv-240-FtM-99MRM

STATE OF FLORIDA, FLORIDA
ATTORNEY GENERAL and
SECRETARY, DOC,

    Respondents.
_____/

## OPINION AND ORDER[1]

Before the Court is Petitioner Travis Fletcher's Petition for Writ of Habeas Corpus under 42 U.S.C. § 2254 (Doc. 1) filed on May 5, 2017.  The Respondent Secretary of the Department of Corrections filed her Response in Opposition (Doc. 19) on April 4, 2018.  Petitioner filed his Reply to the Response (Doc. 23) on November 29, 2018.  This matter is briefed and ripe for the Court's review.

## BACKGROUND

On January 27, 2005, Petitioner was charged with a two-count information charging him with Second Degree Murder with a firearm or deadly weapon, Count I, and with Carjacking, Count II.  Petitioner was convicted on both Counts by a jury on March

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

18, 2005. ([Doc. 21-1 at 8](Doc. 21-1 at 8)). Petitioner moved for a new trial on March 24, 2005, which was denied by the trial court. On May 1, 2005, Petitioner was sentenced to two concurrent terms of life imprisonment. ([Doc. 21-1 at 18-19](Doc. 21-1 at 18-19)). Petitioner's motion for a new trial was denied. Petitioner then appealed his conviction and sentence. ([Doc. 21-1 at 27-55](Doc. 21-1 at 27-55)). The Second District Court of Appeal affirmed per curium. [*Fletcher v State*, 944 So. 2d 359 (Fla. 2d DCA 2006)](Fletcher v State). Mandate issued on December 22, 2006. ([Doc. 21-1 at 59](Doc. 21-1 at 59)).

On March 4, 2014, Petitioner filed his state habeas petition which was dismissed by the Post-Conviction Court on April 11, 2014. ([Doc. 21-1 at 75](Doc. 21-1 at 75)). Petitioner filed a Rule 3.800 post-conviction motion to correct an illegal sentence. ([Doc. 21-1 at 61](Doc. 21-1 at 61)). The Post-Conviction Court denied the motion on June 3, 2014. ([Doc. 21-1 at 70](Doc. 21-1 at 70)). Petitioner appealed and the Second District Court of Appeal affirmed *per curium*. [*Fletcher v. State*, 163 So. 3d 1192 (Fla. 2d DCA 2014)](Fletcher v. State). Mandate issued on October 27, 2014. ([Doc. 21 at Ex. 18](Doc. 21 at Ex. 18)).

Petitioner filed a Rule 3.850 motion for post-conviction relief on February 11, 2016. Petitioner argued that his life sentence without parole was illegal since he was a juvenile when he was sentenced. (Doic. 21-1 at 180). The Post-Conviction Court denied Petitioner's motion and the Second District Court of Appeal affirmed per curium. ([Doc. 21-1 at Ex. 24](Doc. 21-1 at Ex. 24)). The Florida Supreme Court dismissed the case for lack of jurisdiction. ([Doc. 21-1 at Ex. 26](Doc. 21-1 at Ex. 26)).

Petitioner now brings this Petition asserting three grounds. Respondent asserts the Petition was untimely filed.

# **STANDARD OF REVIEW**

## *Antiterrorism Effective Death Penalty Act ("AEDPA")*

Under AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts. *Alston v. Fla. Dep't of Corr.*, 610 F.3d 1318, 1325 (11th Cir. 2010) (citations omitted). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). These legal principles apply to this case.

A federal court must afford a high level of deference to the state court's decision. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 181(2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). *See also Harrington v. Richter*, 562 U.S. 86, 102 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." *Childers v. Floyd*, 642 F.3d 953, 967-68 (11th Cir. 2011). A state court's summary rejection of a claim, even without explanation, qualifies

as an adjudication on the merits that warrants deference by a federal court. *Id.*; *see also* *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." *Childers v. Floyd*, 642 F.3d at 969 (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *see also* *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (*citing* *Williams v. Taylor*, 529 U.S. 362, 412 (2000)) (recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Ponticelli v. Sec'y, Fla. Dep't of Corr.*, 690 F.3d 1271, 1291 (11th Cir. 2012) (internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in *Harrington v. Richter*, 562 U.S. at 86. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. *Id.* (citations omitted). Whether a court errs in determining facts

"is even more deferential than under a clearly erroneous standard of review." *Stephens v. Hall*, 407 F.3d 1195, 1201 (11th Cir. 2005).  The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 131 S. Ct. at 1398.  The Court is limited to reviewing only the record before the state court when it rendered its order. *Id.*

## DISCUSSION

Petitioner argues that his life sentences violate the Eighth Amendment's prohibition against cruel and unusual punishment.  Petitioner argues three grounds for habeas relief: (1) the Post-Conviction Court improperly denied his Rule 3.850 Motion for reduced sentence because the motion was ruled successive; (2) the Post-Conviction Court improperly denied Petitioner's challenge to his life sentence for second degree murder; (3) the trial court improperly denied his post-conviction challenge to his life sentence for carjacking.

The constitutional right asserted by Petitioner arose from two Supreme Court cases, *Graham v Florida*, 560 U.S. 48 (2010), and *Miller v. Alabama*, 567 U.S. 460, 465 (2012).  In *Miller*, the U.S. Supreme Court declared that sentencing a juvenile convicted of a homicide to a mandatory life sentence, without parole, constitutes cruel and unusual punishment, in violation of the Eighth Amendment. *Id.*  Two years earlier, in *Graham*, the Court held that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide.  The *Graham* Court held that "[a]

5

State need not guarantee the offenders eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term." *Id.* at 82.

Respondent argues the Petition is untimely. Petitioner does not dispute that the Petition is untimely but argues that the statute's limitation should be tolled.

*(1) Whether the Petition is Timely*

Under the requirements in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a habeas petition by a person in custody under a state court judgment. *See Robinson v. Sec'y, Dep't of Corr.*, No. 2:16-CV-48-FTM-29MRM, 2019 WL 1429321, at *3 (M.D. Fla. Mar. 29, 2019). This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(C), the AEDPA's limitations period runs from the latest of: "(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review." The Supreme Court applied the decisions in *Graham* and *Miller* retro actively.

*Miller v. Alabama* was decided on June 25, 2012. Under 42 U.S.C. § 2254(d)(1)(C), Petitioner had a year to file his Petition after the newly recognized right established in *Miller* was decided, therefore, he had up to June 26, 2013, to file his habeas petition. Petitioner did not file his first state habeas petition seeking relief under *Graham* or *Miller* until January 7, 2014, a year and a half after *Miller* was decided. Petitioner filed this Petition on May 2, 2017. The Petition is untimely.

(2) *Tolling the ADEPA's Limitation Period*

Petitioner asserts entitlement to equitable tolling because he is *pro se* with illiteracy issues and has some mental illness. Under 28 U.S.C. § 2244(d)(2), there are two tolling periods statutory and equitable. Statutory tolls the limitations period while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Williams v. Sec'y, Fla. Dep't of Corr.*, No. 5:12-CV-498-OC-29PRL, 2015 WL 4459503, at *1 (M.D. Fla. July 21, 2015). Petitioner filed his first post-conviction relief under *Miller* in State Court on January 7, 2014, nearly six months after the one-year AEDPA time period expired on June 26, 2013. Petitioner's untimely post-conviction relief motion does not toll the AEDPA statute of limitations because the AEDPA limitations period had already expired. "[W]here a state prisoner attempts to file post-conviction motions in state court after the AEDPA limitations period had expired, those attempted filings cannot toll the limitations period because 'once a deadline has expired, there is nothing left to toll.'" *Jones v. Sec'y, Fla. Dep't of Corr.,* 499 F. App'x 945, 951 (11th Cir.2012) (citing *Sibley v. Culliver,* 377 F.3d 1196, 1204 (11th

Cir.2004)); *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir.2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

AEDPA's statutory limitations period may also be equitably tolled. *Williams,* 2015 WL 4459503, at *2 (citing *Holland,* 560 U.S. at 645). Equitable tolling applies only when a petitioner "demonstrates (1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable consequences." *Arthur v. Allen,* 452 F.3d 1234, 1252 (11th Cir.2006); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005); *Johnson v. United States,* 340 F.3d 1219, 1266 (11th Cir.2003), *aff'd,* 544 U.S. 295 (2005). Equitable tolling "is an extraordinary remedy which is typically applied sparingly." *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000); *Wade v. Battle,* 379 F.3d 1254, 1265 (11th Cir.2004); *see also Diaz v. Dep't of Corr.,* 362 F.3d 698, 700 (11th Cir.2004) (finding "rare circumstances" merit a finding of equitable tolling).

Petitioner cannot establish diligence in his efforts to timely file his habeas Petition because he waited 560 days after *Miller* to file any motions, state or federal, seeking relief. Although the equitable tolling standard is a two-part test, the Eleventh Circuit has held that courts need not consider whether extraordinary circumstances exist if a petitioner's delay in filing the federal habeas petition exhibits a lack of due diligence. *Perez v. Fla.*, 519 F. App'x 995, 997 (11th Cir. 2013) (citing *Diaz v. Sec'y for Dep't of Corrs.,* 362 F.3d 698, 702 & n. 7 (11th Cir.2004) (expressly refusing to consider Diaz's extraordinary circumstances argument in light of his unexplained 532–day delay in filing his § 2254 petition).

Considering Petitioner's arguments on the merits, he fails to establish the extraordinary and unavoidable reasons for failing to meet the ADEPA's filing limitation. While Petitioner argues that equitable tolling applies because of his illiterate *pro se* status. (*i.e.* lack of legal knowledge), and his mental illness, these claims fail to articulate the extraordinary circumstances needed to render his Petition timely. Courts have held that a lack of a legal education and related confusion or ignorance about the law are not excuses for a failure to timely file. See *Rivers,* 416 F.3d at 1323 (stating in the context of a § 2255 proceeding that lack of an education was no excuse for delayed efforts to vacate a state conviction). As with any litigant, *pro se* litigants "are deemed to know of the one-year statute of limitations." *Perez*, 519 F. App'x at 997 (citing *Outler v. United States,* 485 F.3d 1273, 1282 n. 4 (11th Cir.2007).

Further a mental impairment is not *per se* a reason to toll a statute of limitations. *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Rather, the alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition. *Id.* Petitioner presents no evidence to support his claim that his mental illness affected his ability to timely file his Petition. Petitioner was found to have a functioning IQ of 93, which placed him in the average range. (Doc. #1-1, Ex. A at 10). Petitioner was diagnosed with Bipolar Disorder with severe aggressive behavior. *Id.* However, Petitioner's impairments fail to establish a causal connection between his mental illness and his ability to file a timely petition. See *Lawrence v. Florida,* 421 F.3d 1221, 1226 (11th Cir.2005), *aff'd,* 549 U.S. 327 (2007) (holding that an IQ of 81 and suffering from mental impairments for his entire life were insufficient to justify equitable tolling). Thus, Petitioner's argument that he is entitled to equitable tolling fail.

## CONCLUSION

Petitioner's Petition was untimely filed, and he failed to establish either a statutory or equitable reason to toll the limitation under 42 U.S.C. § 2244(d).

Accordingly, it is now

**ORDERED:**

(1) Petitioner Travis Fletcher's Petition for Writ of Habeas Corpus under 42 U.S.C. § 2254 (Doc. 1) is **DENIED**.

(2) The Clerk of Court will enter judgment accordingly, terminate all pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of June 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies: All Parties of Record